BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re, | Case No.  2:17-bk-21970-VZ |
| CARLOS GALVAN MARTINEZ, | Chapter Number:  13 |
| Debtor, | **SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE** |
| | Date:       December 13, 2018<br>Time:      11:00 a.m.<br>Dept:       1368 |

**TO THE HONORABLE VINCENT P. ZURZOLO; THE DEBTOR; ALL INTERESTED PARTIES; AND THEIR COUNSEL OF RECORD:**

**CREDITOR TRINITY FINANCIAL SERVICES, LLC** hereby moves (the "Motion") this Court to dismiss the above-titled Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(c).

**INTRODUCTION**

Creditor Trinity Financial Services, LLC ("Trinity") hereby moves (the "Motion") this Court for dismissal of this case for "cause" pursuant to 11 U.S.C. § 1307(c)(1) and (4) based on the Debtor's failure to propose a confirmable plan, as well as the Debtor's failure and inability to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 1 -

MOTION TO DISMISS CHAPTER 13
BANKRUPTCY CASE

make post-petition payments to Trinity.  This Motion is brought in accordance with Federal Rules of Bankruptcy Procedure 9013 and 9014.  In support of this motion, Trinity requests that the Court take judicial notice of its own records in this case pursuant to Fed. R. Evid. 201, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.

**STATEMENT OF FACTS**

1. The Debtor filed a voluntary Chapter 13 bankruptcy petition with this Court on or about September 29, 2017 (the "Petition Date"), initiating the instant case identified as Case Number 2:17-bk-21970-VZ.

2. On October 2, 2017, the Debtor filed his initial Chapter 13 plan [Docket No. 13].

3. On November 14, 2017, the Debtor filed an Amended Chapter 13 plan [Docket No. 17].

4. On November 16, 2017, the Chapter 13 Trustee, Nancy Curry, filed her Objection to Confirmation of Chapter 13 Plan [Docket No. 20].  The Trustee objected to the Debtor's income, Debtor's Schedules I and D, and Form 122C-1.  The Trustee also stated that "[t]he Plan is infeasible because scheduled income and expenses result in less than what is required to fund the Plan."  The Trustee also objected to the Debtor's failure to provide payment advices and other supporting documents.

5. On December 8, 2017, the Debtor filed his Amended Chapter 13 Plan [Docket No. 25] (the "Plan").

6. On December 20, 2017, the Debtor filed his Notice of Hearing on his motion to avoid Trinity's lien [Docket No. 28].

7. On January 10, 2018, the Court entered its Order Denying Debtor's Motion to Avoid Junior Lien on Principal Residence [Docket No. 33].

8. On October 1, 2018, Plaintiff filed his Complaint to Avoid Junior Lien on Principal Residence ("Complaint") and was assigned Adversary Case No. 2:18-bk-01009-VZ.

9. On January 16, 2018 the Court's Summons was issued to Trinity.

10. On February 13, 2018, Trinity filed its Claim No. 2-1 on account of its secured claim for $108,767.05, including $51,404.64 in prepetition arrearages.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4831-2455-4362 v1
06836-0097

- 2 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

11. On March 6, 2018, Plaintiff filed his Summons Service executed on Trinity Financial Services, LLC [Adversary Docket No. 12].

12. On March 20, 2018, Trinity filed its Answer to Debtor's Complaint to Avoid Junior Lien on Principal Residence [Adversary Docket No. 14].

13. On March 20, 2018, Trinity filed its Declaration re: Appraiser in Support of Answer to Debtor's Complaint to Avoid Junior Lien on Principal Residence [Adversary Docket No. 14].

14. On March 21, 2018, Plaintiff filed his Status Report [Adversary Docket No. 16].

15. On March 21, 2018, Trinity filed its Status Report [Adversary Docket No. 17].

16. On May 30, 2018, Plaintiff filed his Status Report [Adversary Docket No. 18].

17. On June 14, 2018, Trinity filed its Status Report [Adversary Docket No. 21].

18. On October 1, 2018, Trinity filed the Joint Stipulation to use of Third Party Appraiser and to Extend Discovery Deadline, Written Expert Reports Deadline and Supporting Declarations Deadline from October 1, 2018 to October 31, 2018 [Adversary Docket No. 23].

19. On October 2, 2018, Trinity filed its Notice of Lodgment of Order Granting Joint Stipulation to use of Third Party Appraiser and to Extend Discovery Deadline, Written Expert Reports Deadline and Supporting Declarations Deadline from October 1, 2018 to October 31, 2018 [Adversary Docket No. 24].

20. On October 4, 2018, the Court entered its Order Granting Stipulation to use of Third Party Appraiser and to Extend Discovery Deadline, Written Expert Reports Deadline and Supporting Declarations Deadline from October 1, 2018 to October 31, 2018 [Adversary Docket No. 25].

21. On November 2, 2018, Trinity filed the parties' jointly selected appraiser's Declaration re: Direct Testimony of Third-Party Appraiser Re: Complaint to Avoid Junior Lien On Principal Residence [11 USC Section 506(d)] [Adversary Docket No. 27].

22. On October 1, 2018, Trinity filed the Stipulation Resolving Adversary Proceeding and for Entry of Judgment [Adversary Docket No. 29] (the "Stipulation").

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4831-2455-4362 v1
06836-0097

- 3 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

23. On November 14, 2018, Trinity filed the Notice of Lodgment of Order Approving Stipulation Resolving Adversary Proceeding and for Entry of Judgment [Adversary Docket No. 30].

24. In the Stipulation, the Debtor and Trinity agreed that the value of the Debtor's principal residence was $834,982.01 as of the confirmation hearing date in this case. The parties also agreed Trinity's Claim No. 2-1 was to be treated as a secured claim.

## ARGUMENT

**A.    The Case Should Be Dismissed for the Debtor's Failure to Prosecute**

26. Upon Trinity's information and belief, the unresolved points raised in the pending objection by the Chapter 13 trustee prevent confirmation of the Plan.

27. As pointed out by the Trustee in November 2017, the Debtor's proposed plan was infeasible at that time because the Debtor only had a "$177/mo" net income when his plan required payments of "$235/mo" [Docket No. 20].

28. In the Stipulation, the Debtor agreed that Trinity's claim would be treated as a secured claim in his Chapter 13 plan. However, the Plan fails to provide for Trinity's secured claim. The Debtor has not filed a new plan addressing secured claims as required.

25. This case has been pending since September 29, 2017. Insufficient overall progress has been made toward confirming a plan in this case. In light of the outstanding impediments to confirmation, creditors and the trustee are uncertain as to when, or whether, any plan in this case will ever be confirmable.

26. This lack of progress in accomplishing plan confirmation constitutes unreasonable delay that is prejudicial to creditors, because creditors are not receiving payments and/or cannot exercise their state court remedies to collect their debts while the debtor enjoys the benefit of bankruptcy protection in this case.

27. Section 1307(c) of the Bankruptcy Code authorizes Trinity to bring a motion to dismiss a chapter 13 case for "cause" if it is in the best interests of the creditors and the estate. The Court can consider any "cause," including but not limited to the enumerated grounds in subsection (c). Section 1307(c)(1) permits dismissal for "unreasonable delay by the debtor that is

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 4 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

prejudicial to creditors." 11 U. S.C. § 1307(c)(1). Section 1307(c) also lists "(4) failure to commence making timely payments" as additional grounds for dismissal of a case.

28.    A debtor filing a chapter 13 case assumes responsibility for taking reasonable steps to move the case towards timely confirmation of a chapter 13 plan. *In re Jackson*, 2007 WL 1188202, at *7 (Bankr. E.D. Pa. Apr. 18, 2007). Chapter 13 debtors simply do not have an unlimited amount of time to accomplish plan confirmation. *In re Tran*, 2006 WL 6811015, at *7 (B.A.P. 9th Cir. Aug. 8, 2006). Prompt plan confirmation is important because creditors' rights are constrained by the automatic stay as soon as the petition is filed. As a result, courts have dismissed cases based on debtor inaction. *See Jackson*, 2007 WL 1188202 at *7 (dismissing case at seven months because debtor was no closer to confirmation than the day the case was filed).

29.    This case has been pending for over 13 months with little to no progress. The Debtor has failed to propose a confirmable plan. Despite the Chapter 13 Trustee's objection to the Plan, the Debtor has made no effort to address creditors' claims with a feasible proposal for reorganization. Nor has the Debtor filed a third amended plan to properly provide for Trinity's secured claim.

30.    In light of the passage of time and the failure of the Debtor to prosecute a confirmable plan, the Court should dismiss this case pursuant to Sections 1307(c)(1) and (4).

**B.    The Case Should Be Dismissed due to Plan Infeasibility**

31.    The Debtor's first lien, Ocwen, filed Proof of Claim No. 1-1 in the amount of $703,017.60 on February 5, 2018.

32.    Trinity's second lien is on file as Proof of Claim No. 2-1 in the amount of $108,767.05, including $51,404.64 in pre-petition arrearages.

33.    The Debtor and Trinity stipulated to employ the value of appraiser Michael Turner as the value of the subject property in this case [Main Case Docket No. 38; Adversary Docket No. 23]. Mr. Turner's appraisal for the subject property determined a value of $815,000 as of the parties' effective date of October 5, 2018. Mr. Turner's appraisal further reflects a value of $834,982.01 as of the confirmation hearing date of March 11, 2019 [Docket No. 27]. Because

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 5 -

MOTION TO DISMISS CHAPTER 13
BANKRUPTCY CASE

this value is higher than the amount of the Debtor's first lien, Trinity's lien is at least partially secured, indicating that Trinity's lien cannot be stripped.

34. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

35. Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Trinity's claim is secured by the Debtor's principal residence. Thus, the plan may not modify Trinity's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993) (determination that bank's claim is partially secured "does not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

36. Trinity's filed proof of claim lists $51,404.64 in prepetition arrears. Spread over the repayment term of thirty six months as proposed in the Plan, the Debtor would have to pay $1,427.91 a month in prepetition arrears to pay Trinity's prepetition arrears in full. Even spread over the maximum permissible length of a Chapter 13 Plan—sixty months—the Debtor's plan would still have to pay $856.75 a month in prepetition arrears to pay Trinity's prepetition arrears in full.

37. The Debtor would also have to pay the variable monthly payments for Trinity's claim on a go-forward basis in order to confirm a plan. Trinity's proof of claim indicates these payments were $424.24 at the time of case commencement.

38. The Debtor's latest Schedule J [Docket No. 19] indicates the Debtor has only $235.00 in net income to fund the Plan. The Debtor's scheduled expenses exclude any payments

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 6 -

MOTION TO DISMISS CHAPTER 13
BANKRUPTCY CASE

on Trinity's second lien, so the Debtor's net income is clearly insufficient to address Trinity's secured claim.  Based on his scheduled income and expenses, the Debtor could pay neither the prepetition arrears payment for Trinity's claim, nor the maintenance payment.

39. As the Debtor is unable to provide for the cure of Trinity's pre-petition and post-petition arrears based on his net income, any proposed plan violates Section 1322(b)(5).  Any plan would also fail to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) due to failing to treat Trinity's secured claim.

40. In light of the above, as the Debtor cannot propose a confirmable plan, this case must be dismissed.

**C.  The Debtor's Inability to Make Secured Debt Payments Is Cause for Dismissal**

41. The Debtor has failed to make timely payments to his secured creditor Trinity. The Debtor's complete lack of payments to Trinity under the Plan is a separate and independent cause for dismissal of this case, based on 11 U.S.C. § 1307(c)(4).  *In re Seymour*, No. 16-BK-27693-RSB, 2017 WL 5196703, at *5 (B.A.P. 9th Cir. Nov. 9, 2017) (citing *In re Mallory,* 444 B.R. 553, 558 (S.D. Tex. 2011) (affirming dismissal of a case for short plan payments) (citation omitted).

42. The Plan entirely fails to treat Trinity's secured claim [Docket No. 25].  Trinity's Proof of Claim No. 2-1, secured by the Debtor's residence, reflects the total outstanding balance of $108,767.05, as well as a pre-petition arrearage claim of $51,404.64.  *See* CCR, Claim No. 2-1. However, the Debtor has made neither the arrearage payments on Trinity's lien, nor his regular monthly payments to Trinity in the amount of $424.24 every month.  In fact, the Debtor has not made any post-petition payments to Trinity at all since the commencement of this case in September 29, 2017.  *See* contemporaneously filed *Declaration of Don A. Madden, III*.  As reflected by the declaration of Trinity's president, the Debtor is severely in default on his post-petition payments to Trinity for its second lien.  Therefore, the Court should dismiss this case due to the Debtor's failure to make payments on his creditors' secured claims.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 7 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

## **CONCLUSION**

WHEREFORE, Trinity respectfully requests that the Court grant its Motion and dismiss this case for cause pursuant to 11 U.S.C. § 1307(c)(1) and (4).

Dated:     November 15, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _/s/ Rafael Garcia_
    Richard J. Reynolds
    Rafael R. Garcia-Salgado
    Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 8 -

MOTION TO DISMISS CHAPTER 13
BANKRUPTCY CASE

BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
E-mail:  rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
E-mail:  rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:     949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re, | Case No.  2:17-bk-21970-VZ |
| CARLOS GALVAN MARTINEZ, | Chapter Number:  13 |
| Debtor, | **DECLARATION OF DON A. MADDEN, III IN SUPPORT OF SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE** |
| | Date:           December 13, 2018<br>Time:          11:00 a.m.<br>Dept:           1368 |

I, DON A. MADDEN, III, declare as follows:

1.      The following are facts known to me, and I have first-hand knowledge of the same, or are matters of which the Court may take judicial notice. If called as a witness, I could and would competently testify thereto under oath. I am the President of Movant TRINITY FINANCIAL SERVICES, LLC ("Trinity"), and I am authorized to make this Declaration. This Declaration is provided in support of Trinity's *Motion to Dismiss Chapter 13 Bankruptcy Case* (the "Motion") filed contemporaneously herewith.

2.      Trinity is a Wyoming Limited Liability Company active in good standing in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 1 -

DECLARATION IN SUPPORT OF MOTION TO
DSIMISS CHAPTER 13 BANKRUPTCY CASE

Wyoming since February 25, 2014. Trinity has been active and in good standing in California since February 11, 2015.

3. Because of my training, management, and work experience at Trinity, I am personally familiar with Trinity's policies, procedures, and practices concerning the purchase of second trust deeds and notes, the servicing of those loans, engaging in loss mitigation of those loans before starting foreclosure proceedings, and performing foreclosures on second deeds of trust in default. I am also personally familiar with the types or kinds of records prepared by Trinity or its agents in the regular course of purchasing second trust deeds and notes, servicing of those loans, engaging in loss mitigation of those loans before starting foreclosure proceedings, and performing foreclosures on second deeds of trust in default. I am also personally familiar with how those records are prepared, and the information and methods of preparation of those records. Therefore, I act as Custodian of Records for Trinity. The exhibits attached to Trinity's Proof of Claim No. 2-1 that are taken from the business records of Trinity were made at or near the time of filing by or from information transmitted by someone with knowledge, the records are kept in the course of regularly conducted activity of Trinity's business, and keeping such records is and was a regular practice of Trinity.

4. Trinity is the holder of the promissory note between Debtor Carlos Galvan Martinez, as borrower (the "Debtor"), and National City Bank, as the original lender, dated August 6, 2007 (the "Note"), having purchased it.

5. Trinity has physical possession of the original Note.

6. Trinity is the holder of a second priority Deed of Trust (the "Deed of Trust") securing the Note and encumbering the real property located at 4628 and 4628 ½ St. Elmo Dr., Los Angeles, CA 90019 (the "Property"). The legal description for the Property is set forth in the Deed of Trust. The Deed of Trust was recorded against the Property on August 14, 2007, as Document No. 20071903303 in the official records of the Los Angeles County Recorder. The Court is requested to take judicial notice of this document pursuant to Fed. R. Evid. 201.

7. I have many years of experience working in the lending industry in California and elsewhere within the United States. I have extensive experience with the documentation process

for loans secured by real property in California. I also have extensive experience with purchasing loans secured by real property in California and with the documents utilized to effect the transfer of the loans.

8. As of the Petition Date, the Debtor had defaulted in his pre-petition payments with respect to the Note. The Debtor has made no payments on the Note since November 2008.

9. As of the date of this declaration, Trinity has not received any post-petition payments from the Debtor with respect to the Note.

10. Trinity has never sent any type of notification to the Debtor to indicate that the Note had been forgiven or paid off.

I declare under the penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 12th day of November, 2018, at Newport Beach, California.

_____
Don A. Madden, III

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, CA  92705-4067**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE AND DECLARATION IN SUPPORT OF MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/15/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Nancy K Curry (TR)   TrusteeECFMail@gmail.com
- Sean C Ferry   sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- Rafael R Garcia-Salgado   rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Raymond Perez   rperezlaw.ela@gmail.com
- Richard J Reynolds   rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **11/15/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Carlos Galvan Martinez
4628 1/2 St. Elmo Dr
Los Angeles, CA 90019

**Judge:**
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

///

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4831-2455-4362 v1
06836-0097

- 9 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **11/15/18** | Bernadette C. Antle | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-2455-4362 v1
06836-0097

- 10 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE