RAYMOND PEREZ
29 N. ROWAN AVE.
LOS ANGELES, CA 90063
(323) 264-2753

3    ATTORNEY FOR DEBTOR

4

5              UNITED STATES BANKRUPTCY COURT

6

7              CENTRAL DISTRICT OF CALIFORNIA

8

9

10   IN RE :                                 CASE NO.: 17-BK-21970-VZ

11        CARLOS GALVAN MARTINEZ

12
                                             NOTICE OF OPPOSITION TO
13                                           MOTION TO DISMISS

14
                                             DATE : 1/7/19
15                                           TIME : 10:30 AM
                                             DEPT : 1368
16

17   _____

18
         Debtor Carlos Galvan Martinez hereby opposes the Motion to Dismiss of Trinity
19
     Financial Services, LLC.
20

21
     DATED : _____12/27/18_____         _____/s/ Ray Perez_____
22
                                        Raymond Perez , Esquire
23

24

25

26
                                        1
27

28

## DECLARATION OF RAYMOND PEREZ

The following is within my personal knowledge and I could and would testify thereto if called upon.

There has been no unreasonable delay. As the court/moving party are aware, there was a good faith adversary to avoid the 2nd of moving party, Trinity Financial Services. The parties prosecuted it, agreed to an appraiser, then subsequently stipulated to resolve the issue on 10/4/18.

As a result, debtor filed an 2nd Amended Plan and amended schedules I and J, providing for the arreages and go-forward payments to moving party.

Trustee has not moved to dismiss for lack of payments. The trustee's web shows he is current.

Attached are true and correct copies of the 2nd Amended Plan, Amended Schedules I and J, Nancy Curry's web page, and proof of income sent to the trustee on 11/19/18.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of December 2018 at Los Angeles, California.

_____
Raymond Perez, Esquire

## File a Plan:

2:17-bk-21970-VZ Carlos Galvan Martinez

Type: bk                    Chapter: 13 v              Office: 2 (Los Angeles)
Assets: y                   Judge: VZ                  Case Flag: DEFER, Pln13F

# U.S. Bankruptcy Court

## Central District of California

Notice of Electronic Filing

The following transaction was received from Raymond Perez entered on 11/15/2018 at 3:55 PM PST and filed on 11/15/2018
**Case Name:**          Carlos Galvan Martinez
**Case Number:**        2:17-bk-21970-VZ
**Document Number:** 39

**Docket Text:**
Amended Chapter 13 Plan Filed by Debtor Carlos Galvan Martinez (RE: related document(s)[25] Chapter 13 Plan (LBR F3015-1) Filed by Debtor Carlos Galvan Martinez.). (Perez, Raymond)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ECF\Martinez, Carlos Galvan\Amended Chapter 13 Plan.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=11/15/2018] [FileNumber=93040285 -0] [7983e37ccaabb24e3cca918912b733bf2159344378940a0feb8726c6fc2135c8d 13801473abbb01b645c661efb5729ada5924a2b4f954572ae09b8d5d742e979]]

**2:17-bk-21970-VZ Notice will be electronically mailed to:**

Nancy K Curry (TR)
TrusteeECFMail@gmail.com

Sean C Ferry on behalf of Creditor Wells Fargo Bank , N.A.
sferry@ecf.courtdrive.com, bkyecf@rasflaw.com

Rafael R Garcia-Salgado on behalf of Creditor Trinity Financial Services LLC
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com

Rafael R Garcia-Salgado on behalf of Defendant Trinity Financial Services LLC
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com

Raymond Perez on behalf of Debtor Carlos Galvan Martinez
rperezlaw.ela@gmail.com

Raymond Perez on behalf of Defendant Trinity Financial Services LLC

rperezlaw.ela@gmail.com

Raymond Perez on behalf of Plaintiff Carlos Galvan Martinez
rperezlaw.ela@gmail.com

Richard J Reynolds on behalf of Creditor Trinity Financial Services LLC
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:17-bk-21970-VZ Notice will not be electronically mailed to:**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Raymond Perez, Esq. SBN#116087<br>329 N. Rowan Ave.<br>Los Angeles, CA 90063<br>(323)264-2753<br>(323)264-2785<br>rperezlaw.ela@gmail.com | |
| ☐ Individual appearing without attorney<br>☒ Attorney for: Carlos Galvan Martinez | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| List all names (including trade names) used by the debtor within the last 8 years:<br>Carlos Galvan Martinez | CASE NO.: 2:17-bk-21970-VZ<br>CHAPTER 13 |
|---|---|
| | *2nd Amended* **CHAPTER 13 PLAN** |
| | **CREDITOR'S MEETING:**<br>DATE: 11/14/2017<br>TIME: 10:00 am<br>PLACE: 915 Wilshire Blvd., 10th Fl., Rm.1<br>Los Angeles, CA 90017<br><br>**CONFIRMATION HEARING:**<br>DATE: 03/11/2019<br>TIME: 9:30 am<br>PLACE: 255 E. Temple St., Crtrm 1545<br>Los Angeles, CA 90012 |
| Debtor(s). | |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012      Page 1      F 3015-1.01.CHAPTER13.PLAN

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of **$1-14 $235.; 15-60 $1301.00** per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ **61,581.19** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    F3015-1.01.CHAPTER13.PLAN

E.  Other property (*specify property or indicate none*): 1055

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in amount not exceeding 50.000% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding 100.000% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 3                    F 3015-1.01.CHAPTER13.PLAN

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's fees | $ | | $ | | $ 4,000.00 |
| (3) Chapter 7 trustee's fees (*specify trustee name*) | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*):** | | | | | |
| | $ | % | $ | | $ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 4                    F 3015-1.01.CHAPTER13.PLAN

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to: _____

2. ☒ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:
Ocwen; Trinity

Ocwen Home Mortgage  (name of creditor)    1055 (last 4 digits of account number)
Trinity (name of creditor)    14CA (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Ocwen Home Mortgage | 1055 | $72.55 | % | $ | | $72.55 |
| Trinity | 14CA | $51,404.64 | % | $856.77 | | $51,406.00 |

## CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last 4 Digits of Account Number | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F 3015-1.01.CHAPTER13.PLAN

## CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:
2. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____     _____
(name of creditor)                             (last 4 digits of account number)

_____     _____
(name of creditor)                             (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default ||||  |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 5

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ 0.00 .

Class 5 claims will be paid as follows:

(Check one box only.)
☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 100.000 % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 6                    F 3015-1.01.CHAPTER13.PLAN

## IV. PLAN ANALYSIS

| TOTAL PAYMENTS PROVIDED FOR UNDER THE PLAN | |
|---|---|
| CLASS 1a | $ 4,000.00 |
| CLASS 1b | $ 0.00 |
| CLASS 1c | $ 0.00 |
| CLASS 2 | $ 51,478.55 |
| CLASS 3 | $ 0.00 |
| CLASS 4 | $ 0.00 |
| CLASS 5 | $ 0.00 |
| SUB-TOTAL | $ 55,478.55 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ 6,102.64 |
| TOTAL PAYMENT | $ 61,581.19 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   none

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   none

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   none

D. The Debtor hereby surrenders the following personal or real property (*identify property and creditor to which it is surrendered*): none

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions (*use attachment, if necessary*):

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: 11/15/2018

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 8                    F 3015-1.01.CHAPTER13.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

329 N. Rowan Ave.
Los Angeles, CA 90063

A true and correct copy of the foregoing document entitled (*specify*): __2nd AMENDED CHAPTER 13 PLAN__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __11/15/2018__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S. Trustee -ustpregion165.la.ecf@usdoj.gov
Nancy K. Curry, Trustee -trusteeecfmail@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __11/15/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL., FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/15/2018 | Lillian Paniagua | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       F 9013-3.1.PROOF.SERVICE

Carlos Galvan Martinez
4628 1/2 St. Elmo Dr
Los Angeles, CA 90019

Raymond Perez
Law Offices of Raymond Perez
329 N Rowan Ave
Los Angeles, CA 90063

Clear Recon Corp
4375 Jutland Dr Suite 200
San Diego, CA 92117

Ocwen
P.o. Box 6440
Carol Stream, IL 60197

## Miscellaneous:

2:17-bk-21970-VZ Carlos Galvan Martinez
Type: bk                 Chapter: 13 v            Office: 2 (Los Angeles)
Assets: y                Judge: VZ                Case Flag: DEFER, AmdPln13F

## U.S. Bankruptcy Court

## Central District of California

Notice of Electronic Filing

The following transaction was received from Raymond Perez entered on 11/19/2018 at 12:18 PM PST and filed on 11/19/2018
**Case Name:**         Carlos Galvan Martinez
**Case Number:**       2:17-bk-21970-VZ
**Document Number:** 44

**Docket Text:**
Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Carlos Galvan Martinez. (Attachments: # (1) Amended Schedules) (Perez, Raymond)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ECF\Martinez, Carlos Galvan\Amnd-SchIJ.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=11/19/2018] [FileNumber=93071254
-0] [3edcfe30279e1f139d46b5279a90e84329063cf198d11a1963e74d8df5c95db20
0141c767e9daefc39ff2b3e5483bd37ca523d7a14e999fe2eb436de8f640a96]]
**Document description:** Amended Schedules
**Original filename:** C:\ECF\Martinez, Carlos Galvan\Amended Schedules.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=11/19/2018] [FileNumber=93071254
-1] [4ab8ce8d8cf408a95c51e05ae46fac6fb5d9dbb9d7f2f857032baf5725344f68b
7c84f4cf408ce32ccb5ea22a4098b52bd5a6b248187b68bf22b00340d7623d8]]

**2:17-bk-21970-VZ Notice will be electronically mailed to:**

Nancy K Curry (TR)
TrusteeECFMail@gmail.com

Sean C Ferry on behalf of Creditor Wells Fargo Bank , N.A.
sferry@ecf.courtdrive.com, bkyecf@rasflaw.com

Rafael R Garcia-Salgado on behalf of Creditor Trinity Financial Services LLC
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com

https://ecf.cacb.uscourts.gov/cgi-bin/Dispatch.pl?747427096305446       11/19/2018

Rafael R Garcia-Salgado on behalf of Defendant Trinity Financial Services LLC
rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com

Raymond Perez on behalf of Debtor Carlos Galvan Martinez
rperezlaw.ela@gmail.com

Raymond Perez on behalf of Defendant Trinity Financial Services LLC
rperezlaw.ela@gmail.com

Raymond Perez on behalf of Plaintiff Carlos Galvan Martinez
rperezlaw.ela@gmail.com

Richard J Reynolds on behalf of Creditor Trinity Financial Services LLC
rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:17-bk-21970-VZ Notice will not be electronically mailed to:**